# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

THERESA NORTON HEATH     )
     )
     Plaintiff,     )
     )
     v.     )     C.A. No. 1:08-cv-00219 SLR
     )
NATIONAL INDEMNITY     )
INSURANCE COMPANY     )
     )
     Defendant.     )
     )

## DEFENDANT NATIONAL INDEMNITY INSURANCE COMPANY'S
## ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant, National Indemnity Company ("National Indemnity"), by and through its undersigned attorneys, hereby responds to the Complaint of Plaintiff, Theresa Norton Heath as follows:

## ANSWER TO COUNT I

1.     Admitted upon information and belief.

2.     Denied as stated. National Indemnity is an insurance company and citizen of Nebraska, being organized and existing under the laws of the Nebraska, and having its principal place of business at 3024 Harney Street, Omaha, Nebraska 68131. National Indemnity does business in Delaware.

3.     Admitted in part; denied in part. National Indemnity admits that Plaintiff claims that an accident occurred on November 17, 2005 and that Plaintiff further claims personal injury as a result. All remaining averments, including those characterizing the accident, are denied since

National Indemnity did not witness the alleged accident, and therefore after reasonable investigation, lacks sufficient information or knowledge to either admit or deny the averments.

4.     Admitted in part; denied in part. National Indemnity admits that Plaintiff claims to have incurred medical expenses, and further claims these expenses resulted from the alleged accident. All remaining averments, including those characterizing the cause of the medical expenses, are denied since National Indemnity, after reasonable investigation, lacks sufficient information or knowledge to either admit or deny the averments.

5.     Admitted in part; denied in part. National Indemnity admits that Plaintiff claims that she has incurred lost wages, and further claims these lost wages resulted from the alleged accident. All remaining averments, including those characterizing the cause of the lost wages, are denied since National Indemnity, after reasonable investigation, lacks sufficient information or knowledge to either admit or deny the averments.

6.     Admitted in part; denied in part. National Indemnity admits that upon information and belief, the vehicle being operated by Plaintiff was covered under a National Indemnity Business Auto insurance policy that provided Person Injury Protection (PIP) benefits pursuant to the terms and conditions of the subject insurance policy. National Indemnity denies the remaining averments as conclusions of law to which an admission or denial is not required. Further, to the extent that the remaining averments in this paragraph can be construed as factual in nature, National Indemnity denies same.

7.     Admitted in part; denied in part. National Indemnity admits only that any requirement to pay PIP benefits is governed by the terms, conditions, and limitations in the subject insurance policy.  All remaining averments are denied.

8.      Denied as a conclusion of law to which an admission or denial is not required. Further, to the extent that any averments in this paragraph can be construed as factual in nature, National Indemnity denies same on grounds that after reasonable investigation, National Indemnity lacks sufficient information or knowledge to either admit or deny the averments.

WHEREFORE, National Indemnity denies any and all liability, and respectfully requests that this Honorable Court dismiss Count I of Plaintiff's Complaint with prejudice and that judgment be entered in National Indemnity's favor together with costs, attorney's fees, and such other and further relief as the Court deems appropriate.

## ANSWER TO COUNT II (ALLEGED BAD FAITH)

National Indemnity incorporates its responses to paragraphs 1 through 8 above, as if set forth herein at length.

9.      Admitted in part; denied in part.  National Indemnity admits that Plaintiff has presented medical and wage loss claims.  All remaining averments, including those characterizing Plaintiff's medical records, are denied. Plaintiff's medical records are writings that speak for themselves as to any dates and the nature of treatment rendered.

10.     Denied as stated. At the time Plaintiff filed her Complaint, National Indemnity was still in the process of investigating certain medical expense and/or wage loss claims submitted by Plaintiff as related to the alleged November 17, 2005 accident.

11.     Denied as a conclusion of law to which an admission or denial is not required. Further, to the extent that any averments in this paragraph can be construed as factual in nature, National Indemnity denies same.

12.    Denied as a conclusion of law to which an admission or denial is not required. Further, to the extent that any averments in this paragraph can be construed as factual in nature, National Indemnity denies same.

WHEREFORE, National Indemnity denies any and all liability, and respectfully requests that this Honorable Court dismiss Count II of Plaintiff's Complaint with prejudice and that judgment be entered in National Indemnity's favor together with costs, attorney's fees, and such other and further relief as the Court deems appropriate.

## AFFIRMATIVE DEFENSES.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim in either Count I or Count II of the Complaint for which relief can be granted against National Indemnity.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim for insurance benefits is barred and/or limited by policy conditions, exclusions or language which operate as conditions precedent to any duty of National Indemnity to provide coverage under the subject insurance policy.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred and/or limited by the doctrines of waiver, estoppel, and/or laches.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the affirmative defenses of collateral estoppel and/or res judicata.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred and/or limited because she has failed to mitigate her claim for damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred and/or limited because she does not have a justiciable controversy for insurance policy benefits pursuant to 21 Del. C. § 2118.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to specify facts to support her claim for damages pursuant to 21 Del. C. § 2118.

## EIGHTH AFFIRMATIVE DEFENSE

An award of general damages, special damages, punitive damages, attorneys' fees, costs or interest is not warranted in this matter because National Indemnity acted at all times material hereto with reasonable basis and good faith and complied with applicable laws, regulations, and standards.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred and/or limited by the applicable statute of limitations and/or suit limitation clause in the policy.

## TENTH AFFIRMATIVE DEFENSE

National Indemnity reserves the right to supplement this Answer and raise additional defenses and to rely upon additional policy provisions based upon facts which may become known during the course of discovery.

WHEREFORE, National Indemnity denies any and all liability, and respectfully requests that this Honorable Court dismiss all counts of Plaintiff's Complaint with prejudice and that judgment be entered in National Indemnity's favor together with costs, attorney's fees, and such other and further relief as the Court deems appropriate.


                                        YOUNG CONAWAY STARGATT & TAYLOR, LLP


                                        _____
                                        Timothy Jay Houseal (#2880)
                                        The Brandywine Building
                                        1000 West Street, 17th Floor
                                        Wilmington, DE 19801
                                        Telephone: (302) 571-6682
                                        Facsmile: (302) 576-3300
                                        E-mail: thouseal@ycst.com


OF COUNSEL:

**POST & SCHELL, P.C.**
Richard L. McMonigle, Esquire
Michael J. Farrell, Esquire
1600 JFK Blvd.
Philadelphia, PA 19103

Dated: May 23, 2008

## CERTIFICATE OF SERVICE

I, Timothy Jay Houseal, Esq., hereby certify that on this 23rd day of May 2008,

have caused a true and correct copy of Defendant National Indemnity Insurance Company's

Answer to Plaintiff's Complaint with Affirmative Defenses to be served via electronic filing on

the following counsel:

> Gilbert F. Shelsby, Jr. Esquire
> Michael James Logullo, Esquire
> Shelsby & Leoni
> 221 Main Street
> Stanton, DE 19804

Timothy Jay Houseal (#2880)